# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| James Henry Thompson, II, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 1:23-cv-00735-TMC |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| Sheriff Kevin Tolson; Chief John ) | |
| Hicks; Count Officer Hughes; Count ) | |
| Officer Shula; Count Officer Radford; ) | |
| Count Officer Pugh; Count Officer ) | |
| Carter; Count Officer Robinson; Count ) | |
| Officer Marshall; Count Officer ) | |
| Campbell; Count Officer Caulder; ) | |
| Count Officer Jemison; Count Officer ) | |
| Trabue; Count Officer Herring; Count ) | |
| Officer Stintson; Count Officer St. ) | |
| Lurent; Count Officer St. Just; and ) | |
| Count Officer Wriston, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff James Thompson, II, proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 on February 23, 2023 (ECF No. 1). The case was referred to a magistrate judge for all pretrial proceedings pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.). Thereafter, the magistrate judge granted Plaintiff's motion to proceed *in forma paurperis* and denied his motion to appoint counsel. (ECF Nos. 2, 3, 9, 10). The magistrate judge issued an order advising Plaintiff of the necessary steps to bring his case into proper form. (ECF No. 11). She also issued a separate order, wherein she, among other things, advised Plaintiff that his case was subject to summary dismissal due to his failure to allege any specific action or inaction against any defendant. (ECF No. 12). She granted Plaintiff additional time to file an amended complaint to correct the

1

defects she noted in her order. *Id*. at 5. Plaintiff subsequently filed an amended complaint as well as proposed summonses. (ECF Nos. 16, 17).

Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending the court dismiss this action for failure to state a claim upon which relief may be granted. (ECF No. 19). Plaintiff filed objections to the Report, (ECF No. 23), and this matter is ripe for review.

## STANDARD OF REVIEW

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report **to which a specific objection** is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Bros. Prop.*

*Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his pleadings and filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a *pro se* litigant, [the court] must also be mindful of [its] responsibility to construe *pro se* filings liberally"). Accordingly, "when reviewing *pro se* objections to a magistrate's recommendation, district courts must review *de novo* any articulated grounds to which the litigant appears to take issue." *Elijah*, 66 F.4th at 460-61. This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cnty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985))).

## DISCUSSION

Plaintiff alleges that, between September 5, 2020 and February 20, 2023, the defendants wore gloves contaminated with fecal matter and other germs while distributing clean laundry to inmates. (ECF No. 17 at 5-6). As a result, Plaintiff developed a rash and sores. *Id*. at 6. Plaintiff seeks injunctive and monetary relief for his injuries. *Id*.

As mentioned, in her Report, the magistrate judge recommended the matter be dismissed for failure to state a claim upon which relief may be granted. (ECF No. 19). She noted "that

'because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Id*. at 5 (quoting *Iqbal*, 556 U.S. at 676). Accordingly, due to Plaintiff's failure to allege any specific actions or inactions against any of the eighteen defendants, she recommended this case be summarily dismissed. *Id*.

In his objections to the Report, Plaintiff again fails to set forth any allegations as to any specific defendant. (ECF No. 23). Rather, he contends that by saying "defendants" before his allegations, "it should be reasonable to assume [he] is talking about [the] defendants that [he] listed." *Id*. at 2. Plaintiff, however, has been advised on multiple occasions that he must do more to state a claim for which relief may be granted.[1] (ECF Nos. 12, 19). Nonetheless, he has failed to correct the deficiencies.

---

[1] Further, to the extent Plaintiff's objections could be interpreted as also challenging the denial of his motion to appoint counsel, the court adds that it agrees with the magistrate judge's decision on this issue as well. "The power to appoint is a discretionary one, but it is an abuse of discretion to decline to appoint counsel where the case of an indigent plaintiff presents exceptional circumstances." *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984). When determining whether a case presents exceptional circumstances, the court must "determine (1) whether the plaintiff 'has a colorable claim' and (2) considering the claim's objective complexity and the plaintiff's subjective abilities, whether the plaintiff 'lacks the capacity to present it.' If both questions are answered affirmatively, the case presents exceptional circumstances." *Jenkins v. Woodard*, 109 F.4th 242, 247 (4th Cir. 2024) (quoting *Whisenant*, 739 F.2d at 163) (internal citations omitted).

Even if the court could find that Plaintiff presented a colorable claim without setting forth any specific allegations as to any of the defendants, the case presented is not overly complex and Plaintiff has failed to establish that he lacks the capacity to present it. Here, unlike in *Jenkins*, Plaintiff does not have a "severe mental illness" affecting his ability to present his claim. Nor has he alleged a lack of *general* education like the plaintiff in *Jenkins*. The court is mindful of the fact that incarcerated individuals generally have less flexibility to litigate their cases. Additionally, the court recognizes that Plaintiff has "limited knowledge of the law." (ECF No. 3 at 1). Such is the case with most *pro se* litigants, including those who are not in prison. However, legal "inexperience and incarceration alone do not warrant appointment of counsel." *Jenkins*, 109 F.4th at 249. The court further notes that, though limited, Plaintiff does have access to the law library to research any issues that arise in his case. (ECF No. 3 at 1). Furthermore, the main deficiency noted as to Plaintiff's amended complaint is that he fails to individually specify which defendant committed

## CONCLUSION

Accordingly, having thoroughly reviewed the record, the Report, and Plaintiff's objections to the Report under the appropriate standard, the court agrees with the magistrate judge's conclusions and finds no reason to deviate from her recommended disposition as set forth in the Report. Thus, the court **ADOPTS** the Report (ECF No. 19), which is incorporated herein. This action is hereby **DISMISSED**.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

Anderson, South Carolina
November 6, 2024

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

the acts that he alleges. The correction of this deficiency does not require technical knowledge or legal expertise, but, rather, it requires a simple recitation of the underlying facts, with specificity, of which Plaintiff complains. The only knowledge Plaintiff needs to cure this deficiency is his memory as to what happened and who he alleges was involved in each act or inaction of which he complains. The court, therefore, cannot find that exceptional circumstances exist to appoint counsel in this case.